IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIAN DANIELS, # K91046,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-00609-MJR |
| | ) |
| **CRAIG MITCHELL,** | ) |
| **MICHAEL ATCHISON,** | ) |
| **RICHARD HARRINGTON,** | ) |
| **C/O M. KORONDO,** | ) |
| **JOHN DOE, and** | ) |
| **JANE DOE,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Darrian Daniels, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Put succinctly, Plaintiff alleges that the defendant prison officials failed to protect him from attack, in violation of the Eighth Amendment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### 1. The Complaint

According to the complaint, Plaintiff alerted Defendants Atchison, Mitchell, Harrington, Korondo and others that his cellmate, inmate Williams, who suffered paranoid ideations, had threatened that "something would happen" if he, Williams, was not transferred out of the west cell house. Mitchell did not separate the two inmates; instead, Mitchell challenged Williams, telling him to "handle his business," because he was not going anywhere. Atchison, Mitchell, Harrington and Korondo were told about Williams' subsequent threats against Plaintiff and Plaintiff's fear for his life, but nothing was done to protect Plaintiff. Rather, Defendant

Mitchell disclosed to Williams that Plaintiff had written to him. On April 26, 2012, Plaintiff was attacked by Williams. Defendants Koronado and Mitchell were present but did not promptly respond, although they eventually used pepper spray to stop the attack. Williams stabbed Plaintiff, and cut him from his eye to his ear. As a result, Plaintiff has blurred vision and a partial loss of hearing.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants Craig Mitchell, Michael Atchison, Richard Harrington, C/O M. Korondo and unidentified others, "John Doe" and "Jane Doe," were deliberately indifferent and failed to protect Plaintiff from a substantial risk of harm, in violation of the Eighth Amendment; and**
>
> **Count 2: Defendants Craig Mitchell and C/O M. Korondo were deliberately indifferent and delayed intervening while Plaintiff was being assaulted, in violation of the Eighth Amendment.**

## 2. Discussion

Based on the allegations in the complaint, the Court finds that, at this juncture, Counts 1 and 2 state colorable constitutional claims. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Therefore, Counts 1 and 2 shall proceed.

## 3. Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate order. However, service of process at government expense will be ordered.

### 4. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** against Defendants **CRAIG MITCHELL**, **MICHAEL ATCHISON**, **RICHARD HARRINGTON**, **C/O M. KORONDO**, **JOHN DOE** and **JANE DOE**, and **COUNT 2** against Defendants **CRAIG MITCHELL** and **C/O M. KORONDO** shall **PROCEED.**

The Clerk of Court shall prepare for Defendants **CRAIG MITCHELL**, **MICHAEL ATCHISON**, **RICHARD HARRINGTON** and **C/O M. KORONDO**,: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown defendants, John Doe and Jane Doe, until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not

be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to

plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 25, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**