IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–cv–0609–SCW |
| | ) |
| CRAIG MITCHELL, | ) |
| MICHAEL ATCHISON, | ) |
| RICHARD HARRINGTON, and | ) |
| MICHAEL KORONDO, | ) |
| | |
| Defendants. | |

# ORDER

**WILLIAMS, Magistrate Judge:**

On January 8, 2016, a motion hearing was held in the above-captioned case. Appearing at the hearing: Jeremiah Nixon and Brian Lamping for Plaintiff, and Dylan Grady and Chris Higgerson for Defendants. This order summarizes the hearing, as well as the Court's ruling on the motions in limine. More detailed reasons for the rulings can be found on the hearing transcript. Parties shall submit a clean exhibit list by the end of the day on January 8, 2016. The Court also declines to permit Plaintiff's counsel to narrate medical records, although counsel may certainly ask Plaintiff about the medical records. Plaintiff may also submit his own verdict director prior to the jury instruction conference on January 11, 2016.

The Court ruled on the following motions in limine:

> **Plaintiff's Motion Issue #1 (Doc. 58)** — **Granted in part and denied in part**. The fact of and date of Plaintiff's felony convictions within the relevant time frame are admissible. The law establishes that the fact of a felony conviction goes to a witnesses' credibility pursuant to FRE 609. However, the Court finds that the name of these convictions, murder, to be highly prejudicial, and that the prejudice outweighs any probative value under FRE 403. Defendants may question Plaintiff

on whether he has felony convictions, elicit the number of felony convictions, and the date, but not the name of the convictions. There is no objection to keeping out evidence of Plaintiff's discipline.

**Plaintiff's Motion Issue #2 (Doc. 58) — Granted.** Defense has no objection

**Plaintiff's Motion Issue #3 (Doc. 58) — Granted.** Defense has no objection

**Plaintiff's Motion Issue #4 (Doc. 58) — Granted.** Defense has no objection

**Defendants Motion Issue #1 (Doc. 57)** – Granted

Plaintiff has no objection

**Defendants Motion Issue #2 (Doc. 57)** – Granted

Plaintiff has no objection

**Defendants Motion Issue #3 (Doc. 57)** – Granted

Plaintiff has no objection

**Defendants Motion Issue #4 (Doc.57)** – Granted

Plaintiff has no objection

**Defendants Motion Issue #5 (Doc. 57)** – Granted, without prejudice

Plaintiff has preserved the issue

**Defendants Motion Issue #6 (Doc. 57)** – Granted

Plaintiff has preserved the issue

**Defendants Motion Issue #7 (Doc. 57)** – **Ruling Reserved**

Defendants have argued the handwritten copies of Plaintiff's letters cannot be permitted pursuant to FRE 1001 because they are not a true copy. However, FRE 1004 permits evidence relating to the contents of evidence not otherwise available. The Court does not have the letters currently, and cannot rule on this issue without testimony from the Plaintiff. The Court accepts Plaintiff's representation that the evidence is not to prove the truth of the matter in the letters, but to show that a given Defendant was put on notice of these issues. The evidence may be admissible for the purpose of notice, if Plaintiff meets one of the requirements of FRE 1004 and the evidence is reliable enough to persuade the jury that it is not a fabrication.

**Defendants Motion Issue #8 (Doc. 58)** – **Denied**

Plaintiff wishes to introduce this evidence to show that the shank took a lot of effort to procure, to prove that the attack was premediated. The picture of the shank does

not confuse the issue nor is it unduly prejudicial. It would be helpful for the jury to understand the chain of events at issue. It is relevant to issues present in the case. The Court declines to allow the evidence only for impeachment. The exhibit will be admissible.

**IT IS SO ORDERED.**

**DATE: January 8, 2016**  /s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge